*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LISA MONTRIEF, DEAN T. MONTRIEF, STEVE
BAILEY, DANIEL MILLS, JANET M MILLS,
COLIN ROEHM, ANJLIA MASLAK, TRUMAN
CARRICO, KIMBERLY SELLERS CARRICO,
JOSEPH R. RINE, LEESA R. RINE, MICHAEL
RINE, JOSEPH DOWNARD, MARTHA DROW,
VICTORIA L. ROBERTS, CHIP ROBERTS,
DARWIN SCHOEFF, JOANNE SCHOEFF, DAVID
SQUIRES, HELEN SQUIRES, RONALD G.
JOHNSON, WILLIAM A. BEDELL, DONALD
SCHROEDER, MARJORIE MONAGIN,
BARBARA KORICAN, KEITH PRICE, JUDITH
BAILEY, WILLIAM BAILEY, JOE E. O'NEAL,
KAREN KOYKKA O'NEAL, and TECUMSEH
MILLS AIRPORT LLC,

UNPUBLISHED
April 27, 2023

Plaintiffs-Appellants,

v

No. 360437
Lenawee Circuit Court
LC No. 2021-006726-CZ

MACON TOWNSHIP BOARD OF TRUSTEES,
MUSTANG MILE SOLAR ENERGY LLC, and
CONSUMERS ENERGY COMPANY,

Defendants-Appellees.

Before: M. J. KELLY, P.J., and SWARTZLE and FEENEY, JJ.

PER CURIAM.

In 2018, defendant, the Macon Township Board of Trustees, amended its zoning ordinance so that the development of industrial-size solar farms could be permitted as a special use. Based upon the procedure set forth in the amended zoning ordinance—which the parties refer to as the Solar Ordinance—defendant Mustang Mile Solar Energy LLC applied for a special land use permit (SLUP) that would permit it to develop an industrial solar farm in Macon Township. Thereafter, on May 10, 2021, the Macon Township Board approved Mustang Mile's SLUP. In a separate

case, plaintiffs, all of whom are land owners in Macon Township, have challenged the Macon Township Board's decision to grant the SLUP. In this case, plaintiffs brought an action in the trial court seeking a declaratory judgment that the Solar Ordinance was invalid and unenforceable because its passage violated the notice requirements in the Michigan Zoning Enabling Act (MZEA), MCL 125.3101 *et seq*. and because it violated the procedural requirements set forth in Section 18.12(2) of Macon Township's zoning ordinance. Plaintiffs requested that the court declare that the May 10, 2021 SLUP approved under the Solar Ordinance also be declared invalid and that Macon Township be enjoined from relying on the Solar Ordinance to grant SLUPs in the future. Defendants—Macon Township, Mustang Mile, and Consumers Energy Company—each moved for summary disposition.[1] Relevant to this appeal, they alleged that plaintiffs lacked standing to challenge the Solar Ordinance. The trial court agreed and entered an order dismissing Count I of plaintiffs' complaint for lack of standing. Plaintiffs appeal as of right that order. For the reasons stated in this opinion, we conclude that the trial court erred by finding that plaintiffs lacked standing to pursue their challenge to the Solar Ordinance.

## I. BASIC FACTS

Sometime in 2017, Invenergy, LLC—a multinational power generation company—approached individuals in Macon Township about amending the Macon Township Zoning Ordinances to include industrial-size solar farms as a special land use in districts zoned industrial or agricultural. In January 2018, the matter went before the Macon Township Planning Commission, which recommended that the Macon Township Zoning Ordinances be so amended. The Township approved the amendments on April 2, 2018. The preamble to the amendment, which was codified as Ordinance No. 2018-01, provides:

> An ordinance to amend Article VII of the Macon Township Zoning Ordinance by replacing Section 7.03 regarding solar energy facilities within the Township; adding large solar energy facilities (Solar Farms) to the listing of special land uses in the Agricultural (AG) and Industrial (I) Districts; and the replacement, deletion, and addition of associated definitions to Article XX. [Emphasis deleted.]

A copy of Ordinance 2018-01, i.e., the Solar Ordinance, was attached to the April 2, 2018 Township Board's meeting minutes.[2]

Following the 2018 amendment, a representative from Invenergy regularly attended meetings of the Planning Commission and the Township Board. The representative kept both the Planning Commission and the Township Board up-to-date on matters such as its efforts at securing

---

[1] Consumers Energy and Mustang Mile moved to intervene as of right, and the trial court entered a stipulated order granting the motion.

[2] Based on the record before this Court, it does not appear that the Township Board provided any notice to the landowners affected by the 2018 amendment. Because this appeal involves only the trial court's determination that plaintiffs lacked standing, the issue of whether the Solar Ordinance was, in fact, amended in violation of the MZEA and the procedures set forth in Macon Township Ordinance, Art. XVIII, § 18.12(2), is not presently before this Court.

leases for a planned solar project, obtaining environmental and engineering studies, preparing the SLUP, the timeline for submitting the SLUP, and the possibility of selling the completed solar project to a utility. The Invenergy representative raised questions before the Board that led to the Board determining that amendments needed to be made to the Solar Ordinance.

To be sure, the Township Board twice voted to amend the Solar Ordinance. First, on December 2, 2019, the Board voted to approve an amendment to the fee schedule set forth in the Macon Township Zoning Ordinance, and a copy of that amendment was attached to the meeting minutes as Resolution 2019-3. Second, ostensibly because Invenergy needed additional time to complete the solar project once it was started, the Planning Commission recommended that Macon Township Ordinance, Art. XVI, § 16.09 be amended to allow additional time for the completion of the project. On November 12, 2020, the Township Board voted to approve that amendment. Thereafter, on December 7, 2020, the Township Board approved an ordinance "amending and readopting Article VII of the Macon Township Zoning Ordinance." That amendment is codified as Ordinance No. 2020.[3]

On October 28, 2020, Invenergy, acting through its subsidiary, Mustang Mile, submitted its SLUP to the Township. The Planning Commission recommended that the SLUP application be denied.[4] However, on May 10, 2021, the Township Board voted 3-2 to approve the SLUP. As stated above, plaintiffs challenged the Board's actions on two fronts: first, they filed a notice of appeal of the decision to grant the SLUP, and second, they filed the instant action seeking a declaratory judgment that the Solar Ordinance was invalid and unenforceable because it was passed in violation of the notice provisions in the MZEA and the Township's Zoning Ordinances.[5] Thereafter, defendants each filed motions for summary disposition, alleging—as relevant to this appeal—that plaintiffs lacked standing to pursue their action for declaratory relief. The trial court found that plaintiffs lacked standing and summarily dismissed their claim for declaratory and injunctive relief. Plaintiffs appeal as of right that order.

---

[3] Interestingly, the Township Board provided notice before "amending and readopting" the Solar Ordinance in 2020. Again, however, the merits of the notice issue is not presently before this Court.

[4] Notably, at this point, the community had finally become aware of the Solar Amendment and the anticipated industrial solar farm that was planned for their community; based on the record before this Court, it appears that the community was overwhelming opposed to the solar project. Based on the public comments, it appears that many individuals were blindsided when they learned of the projects existence despite the fact that the Planning Commission and the Township Board had been considering the matter for a few years.

[5] Plaintiffs also brought a claim for taking without just compensation/inverse condemnation/regulatory taking. However, the trial court dismissed that Count for failure to state a claim upon which relief can be granted. Plaintiffs have not appealed that decision.

## II. STANDING

### A. STANDARD OF REVIEW

Plaintiffs argue that the trial court erred by dismissing Count I of their complaint under MCR 2.116(C)(4) (lack of standing). We review de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering*, *Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). "Whether a party has standing is a question of law that is reviewed de novo." *Mich Ass'n of Home Builders v City of Troy*, 504 Mich 204, 212; 934 NW2d 713 (2019). Likewise, we review de novo questions of court rule and statutory interpretation. *Safdar v Aziz*, 501 Mich 213, 217; 912 NW2d 511 (2018).

### B. ANALYSIS

"Standing is not contingent of the merits of the case." *Tennine Corp v Boardwalk Commercial, LLC*, 315 Mich App 1, 7; 888 NW2d 267 (2016). Rather, "[t]he purpose of the standing doctrine is to assess whether a litigant's interest in the issue is sufficient to ensure sincere and vigorous advocacy." *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 355; 792 NW2d 686 (2010) (quotation marks and citation omitted). As explained by our Supreme Court:

> [A] litigant has standing whenever there is a legal cause of action. Further, whenever a litigant meets the requirements of MCR 2.605, it is sufficient to establish standing to seek a declaratory judgment. Where a cause of action is not provided at law, then a court should, in its discretion, determine whether a litigant has standing. A litigant may have standing in this context if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant. [*Id*. at 372.]

Plaintiffs sought a declaratory judgment under MCR 2.605, which is the court rule that governs a trial court's authority to enter a declaratory judgment. Plaintiffs requested that the court declare the Solar Ordinance invalid and unenforceable, and that the SLUP approved on May 10, 2021, was also void and unenforceable because it was based on the invalid and unenforceable Solar Ordinance. "The Declaratory Judgment rule was intended and has been liberally construed to provide a broad, flexible remedy with a view to making the courts more accessible to the people." S*havers v Attorney General*, 402 Mich 554, 588; 267 NW2d 72 (1978). A litigant has standing to seek a declaratory judgment if the "litigant meets the requirements of MCR 2.605." *Lansing Sch Edu Ass'n*, 487 Mich at 372. Under MCR 2.605(A)(1), "[i]n a case of actual controversy," a court "may declare the rights and other legal relations of an interested party seeking a declaratory judgment." The court rule "incorporates the doctrines of standing, ripeness, and mootness." *Int'l Union, United Auto, Aerospace & Agricultural Implement Workers of America v Central Mich Univ Trustees*, 295 Mich App 486, 495; 815 NW2d 132 (2012) (UAW). "An 'actual controversy' under MCR 2.605(A)(1) exists when a declaratory judgment is necessary to guide a plaintiff's future conduct in order to preserve legal rights." *Id*. "The requirement prevents a court from deciding hypothetical issues." *Id*. "The essential requirement of an 'actual controversy' under the rule is that the plaintiff pleads and proves facts that demonstrate an adverse interest necessitating the sharpening of the issues raised." *Id*. (citation omitted). "Though 'a court is not precluded from

reaching issues before actual injuries or losses have occurred,' there still must be 'a present legal controversy, not one that is merely hypothetical or anticipated in the future.' " *League of Women Voters of Mich v Secretary of State*, 506 Mich 561, 586; 957 NW2d 731 (2020) (quotation marks and citation omitted).

"[T]he purpose[s] of a declaratory judgment [are] to enable the parties to obtain adjudication of rights before an actual injury occurs, to settle a matter before it ripens into a violation of the law or a breach of contract, or to avoid multiplicity of actions by affording a remedy for declaring in expedient action the rights and obligations of all litigants." *UAW*, 295 Mich App at 496 (quotation marks and citation omitted). Here, there is an actual controversy between the parties because the Township amended its zoning ordinance in a manner that allegedly violated the notice requirements of the MZEA and the Macon Township Zoning Ordinance. An amendment enacted in violation of the MZEA is invalid and unenforceable. See *Korash v City of Livonia*, 388 Mich 737, 746; 202 NW2d 803 (1972) (stating that an amendment to a zoning ordinance "enacted by a procedure different from and contrary to the procedure required by" the MZEA is invalid). And, although the Solar Ordinance itself did not cause any direct harm, plaintiffs pleaded facts showing that it was passed in anticipation of Invenergy seeking to obtain a special use permit allowing for the development of an industrial-size solar farm. Indeed, prior to the granting of the SLUP, the Solar Ordinance was amended to allow for a more generous timeframe for Invenergy to complete the solar project.

Moreover, plaintiffs pleaded the need for future clarification and guidance in relation to the validity of the Solar Ordinance. They alleged that the Solar Ordinance was invalid and that actions detrimental to their unique interests as land owners had already been taken in reliance on that Ordinance. Specifically, prior to the 2018 Solar Ordinance, solar farms were not permissible as a special use in agricultural and industrial districts in Macon Township. After the amendment, such uses were permitted. And, as reflected in plaintiffs' pleadings and supporting affidavits, the anticipated harm caused by the Solar Ordinance has, in fact, already occurred. Indeed, on May 10, 2021, the Township Board granted a SLUP to Mustang Mile to develop and maintain a solar farm in Macon Township. Thus, this is not a case where plaintiffs speculated that an action detrimental to them might occur in the future. Because there is, on this record, an actual controversy for which guidance on the future conduct of the parties is necessary, a declaratory judgment determining that the Solar Ordinance is either valid or invalid will shape the parties' future conduct as it relates to the SLUP that has already been granted. The preservation of plaintiffs' legal rights depends upon a determination as to the Solar Ordinance's validity.

Additionally, in their pleadings and supporting affidavits, plaintiffs pleaded numerous special injuries arising from the combination of the allegedly invalid 2018 Solar Ordinance and the subsequent granting of the SLUP, including that they were land owners of properties either adjacent to or negatively affected by the planned placement of the solar farm. Overall, the alleged harms included interference and deprivation of the quiet enjoyment of their homes and properties. More specifically, however, plaintiff Tecumseh-Mills Airport, for example, alleged that the glare from the solar panels would cause hazardous flying conditions and that the placement of the panels could impact the ability of pilots to make emergency landings in the area. Multiple plaintiffs also asserted that they would be harmed by the glare from the panels and from blinking lights associated with the solar farm. They also alleged that the location of the solar panels would destroy the nature and character of their farming community. Plaintiffs note that the solar farm's fencing will be a

six-foot chain link fence topped with barbed wire. One plaintiff's property will be almost entirely surrounded by the fence; however, several plaintiffs expressed concern with the fence's appearance and its affect on wildlife. Moreover, plaintiffs alleged that they would be harmed by decreased property values, impacts to their view, noise pollution, light pollution, and increased traffic. There were also concerns about the destruction of farm land caused by drainage issues arising from the solar farm and by the diversion of wildlife caused by the solar farm and its fencing.[6]

The harms alleged are akin to the injuries that were alleged in *Connell v Lima Twp*, 336 Mich App 263, 276; 970 NW2d 354 (2021). The injuries in *Connell* included loss in property value, exposure to fumes, dust, and industrial notice, exposure to "a stark, gray monolithic building with boarded-up windows," increased traffic, and legal expenses. *Id*. The *Connell* Court held that because the plaintiffs were adjacent property owners and had allegedly sustained the above injuries, "they have standing to challenge the conditional rezoning because they have a substantial interest that is detrimentally affected in a manner distinct from that of the general public." *Id*. at 291 (quotation marks and citation omitted).

In its order granting summary disposition, the trial court recognized the harm alleged, but ultimately reasoned that because the Solar Ordinance did not cause any harm to plaintiffs, plaintiffs did not have standing. In order to determine that there was no harm, however, the trial court relied upon an alternative reality in which the ordinance was amended, but no SLUP was granted. In this case, the unrefuted facts show that the ordinance was amended and a SLUP was granted under that amended ordinance. The fact that the ordinance amendment alone did not cause the harm does not negate the fact that *actual* harm has been alleged in this case. The harm predicted by the passing of the amendment is, therefore, not hypothetical.

Plaintiffs also contend that, in this case, the Macon Zoning Ordinances expressly provide them with a legal cause of action. "[A] litigant has standing whenever there is a legal cause of action." *Lansing Sch Ed Ass'n*, 487 Mich at 372. Macon Township Zoning Ordinance, Art. XXI, § 21.06, provides:

> The Township Board or its duly authorized representative is hereby charged with the duty of enforcing the Ordinance and said Board is hereby empowered, in the name of said Macon Township to commence and pursue any and all necessary and appropriate actions and/or proceedings in the Circuit Court of Lenawee County, Michigan, or any other court having jurisdiction, to restrain and/or prevent any non-compliance with or *violation of any of the provisions of this Ordinance*, and to correct, remedy and/or abate such non-compliance or violation. And it is further provided that any person aggrieved or adversely affected by such a non-compliance

---

[6] Although the alleged harms are more particularly identified in the supporting affidavits than in the pleadings, leave to amend a pleading "shall be freely given when justice so requires." MCR 2.118(A)(2).

or violation may institute suit and/or join the Township Board in such a suit to abate the same.  [Emphasis added.]

Defendants contend that this provision would allow plaintiffs to seek to "abate a non-compliance or violation of the Zoning Ordinance."  They assert that plaintiffs challenge to the validity of the Solar Ordinance is, therefore, not provided for under Art. XXI, § 21.06.  We disagree.

In their complaint, plaintiffs alleged that the Township Board violated Macon Township Zoning Ordinance, Art. XVIII, § 18.12(2), which provides:

> 2. Procedure.  The procedure for *making amendments* of this Ordinance shall be as follows:
>
> a.  Each petition for amendment by one or more owners of property shall be submitted to the Township Clerk who shall refer the same for recommendation to the Planning commission who shall report the receipt of a requested zoning change to the Township Board at its next meeting.
>
> b.  Where an individual parcel of property has to be rezoned, notice of public hearing shall be given by first class mail to all property owners and occupants of one and two family dwellings, of property, any part of which lies within three hundred (300) feet from the boundary of the property to be rezoned.  Notice shall be addressed to the person whose name is shown as owner upon the tax rolls of the Township.
>
> c.  After initial consideration, the Planning commission shall hold the public hearings as required by law.
>
> d.  Notice of public hearings on any petition for amendment of this Ordinance which proposes to change Land Use Districts as shown on the Zoning Map within five hundred (500) feet of the boundary of adjacent townships or municipalities may be sent to the Planning Commission or other zoning agencies representing such townships or municipalities in order that coordination with adjacent zoning ordinances may be promoted[.]
>
> e.  The petition, if approved by the Planning Commission shall be submitted to the Lenawee County Planning Commission for review.
>
> f.  Following action by the Lenawee County Planning Commission the petition may be reviewed, and action taken, by the Township Board in accordance with State law.  [Emphasis added.]

Thus, a violation of the amendment procedure set forth in Macon Township Ordinance Art. XVIII, § 18.12(2) is a violation of the Macon Township Zoning Ordinance.  As a result, Art. XXI, § 21.06 of the Macon Township Zoning Ordinance expressly provides that persons aggrieved by or adversely affected by the alleged violation of the zoning ordinance have a legal cause of action. And, because the Macon Township Zoning Ordinance expressly provides that any actions taken by the Township Board during the amendment be in accordance with state law, the failure to

comply with the notice provisions set forth in the MZEA when amending the zoning ordinance, would also be a violation of the Macon Township Zoning Ordinance. Although defendants may contend that no violation of Art. XVII, § 18.12(2)—or of the MZEA—occurred, such an argument goes to the merits of plaintiffs' claim, not to whether or not they have standing to pursue such claim. See *Tennine Corp*, 315 Mich App at 7.

Moreover, plaintiffs are adversely affected by the allegedly invalid Solar Ordinance because it was already used to grant a SLUP to Mustang Mile which, as detailed in their complaint and supporting affidavits, allegedly affects them detrimentally in a manner different from the general public.[7] Plaintiffs also allege that if the proper procedure had been followed, they would have received notice of the 2018 amendment to the Solar Ordinance. They contend that, if they had such notice, they could have attempted to file a petition to place the amended portion of the zoning ordinance on the ballot for the approval by the electors residing in the zoning jurisdiction. See MCL 125.3402. On this record, we conclude that because the 2018 amendment to the Solar Ordinance was allegedly passed in violation of the zoning ordinance (which incorporates the requirements of state law) and because plaintiffs were adversely affected by that violation, they have a legal cause of action to challenge the violation of the ordinance.

In sum, plaintiffs' interest in the issue presented in this lawsuit is sufficient to ensure sincere and vigorous advocacy. A declaratory judgment, moreover, is necessary to guide the parties' future conduct in order to preserve legal rights. One SLUP has already been granted under the Solar Ordinance and its approval has allegedly harmed plaintiffs in a manner different from the general public. The issue is more than merely hypothetical or speculative, and the parties have demonstrated an adverse interest necessitating the sharpening of the issues raised. Plaintiffs raise significant questions regarding the validity of the Solar Ordinance and whether the SLUP issued in reliance upon it interfered with their property rights. Because they have a sufficient personal stake in the outcome of the litigation that differs from that of the general public, they have standing to maintain their suit for declaratory judgment against defendants. Additionally, plaintiffs have standing because Macon Township Zoning Ordinance, Art. XXI, § 21.06, provides them with a legal cause of action to challenge the alleged violation of the Macon Township Zoning Ordinance's notice requirements. The trial court erred by granting the motion for summary disposition based upon a lack of standing.[8]

---

[7] We note that defendants do *not* argue that plaintiffs are not aggrieved by or adversely affected by the alleged violation of the Macon Township Zoning Ordinance. Rather, they only argue that the section does not apply because plaintiffs are not challenging a violation of the ordinance.

[8] In their brief on appeal, defendants contend that notice was provided and that no violation of the MZEA occurred because the Solar Ordinance was a text amendment, not a rezoning decision. Such arguments, however, go to the merits of plaintiffs claim, not whether plaintiffs have standing to pursue their claim. Accordingly, we decline to address them.

Reversed and remanded for further proceedings.  We do not retain jurisdiction, nor do we impose costs.

/s/ Michael J. Kelly
/s/ Brock A. Swartzle
/s/ Kathleen A. Feeney